| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-00352-SVW-KK | Date | July 15, 2019 |

| | |
|---|---|
| Title | *Clarence Bell, III v. CEVA Logistics U.S., Inc. et al.* |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]

## I. Introduction

On November 15, 2018, Plaintiff Clarence Bell, III filed this putative class action against Defendant CEVA Logistics U.S., Inc. ("CEVA") and Defendant Randstad Inhouse Services, LLC ("Randstad") in California state court. Dkt. 1-1. Plaintiff asserts claims under California law alleging: (1) failure to provide all paid rest periods; (2) failure to provide all second meal periods; (3) failure to pay all seventh day overtime wages; (4) failure to timely furnish accurate itemized wage statements; (5) violations of California Labor Code § 203; (6) penalties pursuant to California Labor Code § 2699; and (7) unfair business practices. *Id.* Plaintiff brings this case on behalf of himself and "[a]ll California citizens employed by Defendants as hourly-paid employees during the appropriate time period[1] who were subjected to Defendants' policies and practices." *Id.* ¶ 26.

On February 22, 2019, CEVA removed the case, asserting jurisdiction under the Class Action Fairness Act ("CAFA"). *See* Dkt. 1. On March 22, 2019, Plaintiff filed a motion to remand the case. Dkt. 12.

---

[1] Plaintiff clarifies that the relevant time period is the "time period from four (4) years preceding the filing of the original Complaint . . . up to and through the time of trial for this matter." *Id.* ¶ 3. The original Complaint was filed on November 15, 2018. *Id.* at 1.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

**II.      Factual Background**

Plaintiff alleges that he worked for Randstad as an hourly-paid employee from approximately September 2017 to November 18, 2017 and that he worked for CEVA from approximately November 19, 2017 to October 26, 2018.² Dkt. 1-1 ¶ 7. Plaintiff also alleges that he is a citizen of the State of California and that both CEVA and Randstad are Delaware corporations. *Id.* ¶¶ 6, 9-10.

Specifically, Plaintiff contends that, "as a matter of Defendants' established company policy," "[n]on-exempt employees [could] not leave work premises during a rest break" in violation of California law and that, pursuant to the policy, "the members of the Rest Period Class were not allowed to leave Defendants' premises for their rest breaks . . . as Defendants failed to relinquish all control over how the members of the Rest Period Class spent their rest breaks." *Id.* ¶¶ 40-41. With respect to meal periods, Plaintiff asserts that "[o]n one or more occasions, the members of the Meal Period Class worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes" that they did not receive. *Id.* ¶¶ 50-53. Plaintiff further alleges that Defendants did not furnish each member of the putative wage statement class with an accurate itemized wage statement by not including the "beginning and ending of each work period, meal periods, rest periods, the total daily hours worked, the total hours worked per pay period, meal and rest period premium payments and applicable rates of pay." *Id.* ¶ 70. Plaintiff also seeks derivative waiting time penalties because "Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees . . . at the time of their termination." *Id.* ¶¶ 81-82.

**III.     Legal Standard**

CAFA gives federal district courts original jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy. 28 U.S.C. § 1332(d). In a notice of removal, a defendant need only plausibly allege that these prerequisites are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once confronted with a

---

²      The Court notes that Plaintiff allegedly worked for Defendants for approximately one-fourth of the putative class period. Although this is not a barrier to the Court's subject-matter jurisdiction, it may bear on the questions of Plaintiff's typicality and adequacy at the class certification stage.

motion to remand, however, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* at 553-54. The parties may submit "evidence, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Akana v. Estee Lauder Inc.*, No. LA CV19-00806 JAK (PLAx), 2019 WL 2225231, at *3 (C.D. Cal. May 23, 2019) (quoting *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015)) (citation and quotation marks omitted). The evidence must use "reasonable assumptions"; that is, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197-98. There is no presumption against removal under CAFA. *Dart Cherokee,* 135 S. Ct. at 554.

Where the complaint contains generalized allegations of illegal behavior, a removing defendant must supply "real evidence" grounding its calculations of the amount in controversy. *Ibarra,* 775 F.3d at 1198-99. Therefore, a defendant cannot assume a 100% violation rate based on the plaintiff's general allegation of a "pattern and practice" and "institutionalized unwritten policy that mandates these unlawful practices." *Id.* at 1198-99. However, "courts have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice (or other similar language) and where the plaintiff offers no evidence rebutting this violation rate." *Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *3 (C.D. Cal. July 28, 2015); *see also Ibarra*, 775 F.3d at 1199 (suggesting that an allegation that a defendant violated labor laws "universally, on each and every shift" would suffice to assume a 100% violation rate).

## IV.    Discussion

Plaintiff's First Amended Complaint ("FAC") does not allege a specific amount in damages. Therefore, Defendants bear the initial burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5 million. Plaintiff argues that Defendants fail to meet this burden because the amount in controversy set forth by CEVA in its Notice of Removal is based on speculation and conjecture. Dkt. 12-1 at 1. Plaintiff does not dispute that CAFA's jurisdictional requirements of minimum diversity and class numerosity are satisfied.³

---

³       Plaintiff argues that CEVA bears the burden of establishing federal jurisdiction. However, CEVA itself

Plaintiff makes three primary arguments to attack CEVA's Notice of Removal. First, it argues that the Notice was not supported by concrete evidence and so was mere speculation. Second, it contends that CEVA cannot assume 100% violation rates. And third, it alleges that CEVA's calculation included damages and penalties that may not be recoverable.

In opposition, CEVA filed a declaration of Tommy Weideman, CEVA's HRIS Manager. Dkt. 16 ¶ 1. He has held the position since 2013 and is "familiar with [CEVA's] business operations in California and with payroll activities associated with" its operations in California. *Id.* In his "capacity as HRIS Manager, [he] also ha[s] access to information and data regarding [CEVA's] operations in California." *Id.* He declares that the "matters set forth in [his] declaration are based on [his] own personal knowledge . . . because [he] regularly conduct[s] business using the information presented in this declaration that is derived from records complied and retained by CEVA." *Id.* ¶ 2. Furthermore, in preparing his declaration, he "reviewed data for all current and former non-exempt, hourly-paid contract logistics employees who worked at [CEVA] in California at any time between November 15, 2014 and May 20, 2019." *Id.* ¶ 4. "Based on [his] job duties, [he has] working, current knowledge of records kept by [CEVA] to determine the number of active nonexempt employees in California at [various] times, the average rate of pay earned by those employees during certain periods of time, [and] the average hours worked by those employees per week during certain periods of time . . . ." *Id.* Based on his "review of records maintained by [CEVA]," he was "able to determine" the number of CEVA employees working during the relevant period, the average hourly rate of pay received by those employees, the average number of hours per week worked by those employees, the number of CEVA employees whose employment was terminated during the relevant period, the average hourly rate of pay received by those employees, and the average number of hours per week worked by those employees. *Id.* Weideman displays this information in chart form. *Id.* ¶ 5.

Based on Weideman's declaration, CEVA calculates that Plaintiff's rest break claim *alone* puts

---

alleged facts establishing that minimal diversity exists. Furthermore, Plaintiff does not now dispute the substance of those jurisdictional allegations or of CEVA's own allegation of diversity. *See* Dkt. 15 at 11-12.

more than $5 million in controversy.[4] The Court agrees with CEVA that Weideman's declaration, if based on reasonable assumptions, constitutes sufficient evidence in this context. *See, e.g.*, *Varsam v. Lab. Corp. of Am.*, No. 14cv2719 BTM(JMA), 2015 WL 4199287, at *2 (S.D. Cal. July 13, 2015); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *3 (C.D. Cal. Jan. 7, 2015).

Based on the evidence presented by CEVA, it is more likely than not that the amount in controversy of this action exceeds $5 million. The amount in controversy based on the rest break claim, which is reasonably calculated by multiplying the number of CEVA's active employees, the average hourly pay, the average hours worked per week, the number of weeks per quarter, and the number of quarters during the class period, is slightly over $5 million. Dkt. 15 at 8. The amount in controversy based on the wage statement claim and waiting time penalties likely adds millions of dollars to the total amount in controversy.[5] *Id.* at 9. Indeed, CEVA's calculations suggest that the amount in controversy exceeds $10 million, even before considering the meal period claim and the claim for overtime for working a seventh day in a week.[6]

---

[4] This calculation is based on Plaintiff's application of a 100% violation rate. In its moving papers, Plaintiff argues that CEVA cannot assume 100% violation rates. Although CEVA may not be able to assume 100% violation rates for all of Plaintiff's claims, the Court agrees with CEVA that a 100% violation rate is appropriate for the rest break claim because Plaintiff alleges violations that, due to CEVA's uniform policy and practice, occurred during *every* rest period. *See Feao v. UFP Riverside, LLC*, No. CV 17-3080-PSG, 2017 WL 2836207, at *5 (C.D. Cal. June 29, 2017) ("In addition, Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation[s] that would preclude a 100 percent violation rate.").

[5] A 100% violation rate is appropriate here too for the same reasons as in the context of the rest break claim.

[6] The Court acknowledges the arguments presented by Plaintiff in his reply brief but is not persuaded that these arguments—for example, that CEVA allegedly included a few too many months of damages in its calculations—affect the analysis such that it is not more likely than not that the amount in controversy exceeds $5 million.

|  | : |
|---|---|
| Initials of Preparer | |
|  | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-00352-SVW-KK | Date | July 15, 2019 |
|---|---|---|---|
| Title | *Clarence Bell, III v. CEVA Logistics U.S., Inc. et al.* | | |

**V.  Conclusion**

For the above reasons, the Court DENIES Plaintiff's motion to remand. Trial will take place on December 10, 2019 at 9 a.m. with a pre-trial conference on December 2, 2019 at 3 p.m. The motion for class certification must be filed within 60 days of the date of this order.

IT IS SO ORDERED.

_____  :  _____

Initials of Preparer

PMC