1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE C. BELL, III, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>CEVA LOGISTICS U.S., INC., a Delaware corporation; RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | **CLASS ACTION**<br><br>Case No.: 5:19-cv-00352-SVW<br><br>**ORDER AND JUDGMENT GRANTING APPROVAL OF SETTLEMENT UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**<br><br>Date:　January 13, 2020<br>Time:　1:30 p.m.<br>Crtrm.:　10A<br><br>Honorable Stephen V. Wilson<br><br>Action filed: January 10, 2019<br>Trial Date: None Set |

　　　This matter, having come before the Honorable Stephen V. Wilson of the United States District Court, Central District of California, on January 13, 2020 at 1:30 p.m. (hearing waived), with Kevin T. Barnes of Law Offices of Kevin T. Barnes appearing as counsel for Representative Plaintiff Clarence C. Bell, ("Representative Plaintiff"),

individually and on behalf of the "Aggrieved Employees," and Daniel Whang of Law Offices of Seyfarth Shaw appearing as counsel for Defendant Randstad Inhouse Services, LLC., ("Defendant"). The Court, having carefully considered the briefs, argument of counsel and all matters presented to the Court and good cause appearing, hereby **GRANTS** the Representative Plaintiff's Motion for Approval of Representative Action Settlement and **APPROVES** this Settlement under the California Labor Code Private Attorneys General Act ("PAGA") and specifically California Labor Code § 2699(l)(2).

**IT IS HEREBY ORDERED THAT:**

1.      The Court finds that the terms of the Joint Stipulation of Private Attorneys General Act, Cal. Labor Code § 2698 *Et Seq.* Settlement and Release Agreement (the "Settlement" or "Settlement Agreement"), in the form attached as Exhibit 1 to the Declaration of Declaration of Kevin T. Barnes ("Barnes Decl.") to be in the range of reasonableness of a PAGA settlement, and the Court grants approval of the Settlement.

2.      The Court finds that the Representative Plaintiff has satisfied the requirements of California Labor Code § 2699.3 with respect to all settled PAGA claims and theories, and that the Aggrieved Employees have at all times been adequately represented by the Representative Plaintiff and Aggrieved Employees' Counsel.

3.      Pursuant to the terms of the Settlement Agreement, the Representative Plaintiff and all the Aggrieved Employees shall be bound by the releases set forth in the Settlement.  Such Randstad PAGA Members, as defined by Section 1.18 of the Settlement Agreement, consist of all current and former Randstad Inhouse Services, LLC. non-exempt, hourly employees in California assigned to work at the CEVA facility in Mira Loma, California between November 13, 2017 through the date the Court grants approval of this Settlement, or January 31, 2020, whichever is earlier. Except as to such rights or claims that may be created by the

**ORDER AND JUDGMENT GRANTING APPROVAL OF SETTLEMENT UNDER THECALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

Settlement, all the Randstad PAGA Members are hereby forever barred and enjoined from prosecuting or seeking to reopen the released claims, and any other claims released by the Settlement, against the Released Parties, as defined in Section 1.20 of the Settlement Agreement.

4.    Pursuant to the terms of the Settlement Agreement, Defendant will pay $190,000 (the "Gross Settlement Value" or "GSV"), in consideration for the settlement of this Action and the related releases and other provisions set forth in the Settlement Agreement.  The Gross Settlement Value will cover payments to the Randstad PAGA Members, payment to the Labor and Workforce Development Agency ("LWDA"), the cost of claims administration, attorneys' fees and reimbursement of litigation costs and expenses to Plaintiff's Counsel.  After reduction for Plaintiffs' Counsels' attorneys' fees, costs, and the cost of the third party administrator (the "Net Settlement Value" ("NSV")), 75% of the NFV will be designated as PAGA payments and paid to the LWDA and 25% of the NFV will be designated as payment of penalties and interest and paid to the Randstad PAGA Members, in accordance with the terms of the Settlement.

5.    Defendant will also pay $10,000, separate and apart from the GSV, to Plaintiff in exchange for the General Release enumerated in section 4.3 of the Settlement Agreement.

6.    The Court has found that Aggrieved Employees' Counsel has adequately represented the Representative Plaintiff and the Aggrieved Employees and hereby ORDERS and AWARDS the requested Attorneys' Fees and Costs, in the amounts of $47,500 and actual litigation costs of $($1,095.59), respectively, pursuant to the Settlement.  All Attorneys' Fees and Costs will be paid from the GSV.

7.    The Court also hereby ORDERS and AWARDS $6,500 to Rust Consulting, Inc, the court-appointed Claims Administrator, reimbursement of claims administration fees and costs. Payment to the Claims Administrator shall be

**ORDER AND JUDGMENT GRANTING APPROVAL OF SETTLEMENT UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

paid from the GSV.

8.     The Court finds that Aggrieved Employees' Counsel submitted the Settlement Agreement to the LWDA in accordance with <u>California Labor Code §2699(l)(2)</u>.  The Court hereby **APPROVES** this Settlement of PAGA claims pursuant to <u>California Labor Code § 2699(l)(2)</u>, as to both the LWDA and the Aggrieved Employees.  Accordingly, the state of California, by and through the LWDA, shall be bound by the releases set forth in the Settlement.  In addition, all Aggrieved Employees attempting to stand in the shoes of the LWDA and/or the state of California to prosecute an action under PAGA or attempting to recover penalties from a PAGA action filed by any other person(s), shall be bound by the releases set forth in the Settlement and shall be barred from prosecuting and/or participating in such PAGA action and/or PAGA recovery.

9.     The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement, as are in writing and signed by the parties' counsel and are consistent with this Approval Order and Judgement.

10.     Judgment is hereby entered in this PAGA action in accordance with the foregoing Order and Judgment and in accordance with the terms and conditions provided in the Settlement Agreement.

**DATED:** __May 4, 2020_____

**Honorable Stephen V. Wilson**
**United States District Court Judge**

**ORDER AND JUDGMENT GRANTING APPROVAL OF SETTLEMENT UNDER THECALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**